L. Kingsley Smith, J.
This is an application by Alberta Spearman, as committee of the person and property of Dorothy E. Hipson, an incompetent person, for an order rescinding the charges of the Department of Mental Hygiene for the care and maintenance of her ward, or, in the alternative, to modify the provisions for support and maintenance contained in a judgment annulling the marriage of Dorothy E. Hipson.
Dorothy E. Hipson, a woman of a approximately 65 years of age, was adjudicated incompetent in and about July, 1956, and is presently a patient at Kings Park State Hospital. That while a patient at this hospital her husband, by judgment dated April 7,1958, secured an annulment of their marriage. That judgment contained provision for the support and maintenance of Dorothy E. Hipson at the rate of $110 per month, payable to the director of any institution wherein this patient may be confined. It appears that the level of support thus established was determined on the basis of the charges then being levied by the Department of Mental Hygiene. Mr. Hipson has and is presently continuing to make said payments to Bungs Park State Hospital in addition to the further sum of $75 per month ordered to be paid to provide a luxury fund for the patient. The judgment further provided for an increased level of support upon the wife’s release from in-patient hospital care, if and when such an eventuality were to occur.
The committee now informs this court that the in-patient charges have been increased to the sum of $423 per month with *749 the result that the difference between the support payments and these further hospital charges has become an obligation of the incompetent’s separate estate. It seems unquestioned that should the new reimbursement rate be continued, the parties’ estate will perhaps be depleted within three or four years. The economic hardship thus placed upon this estate is offered in support of the within application for a reduction of the hospital charges.
The court does not view the claim of financial hardship as sufficient basis to annul the rate established for in-patient hospital care. Subdivision (9) of section 24 of the Mental Hygiene Law confers upon the Commissioner of Mental Hygiene (with the joint action of the Commissioner of Social Services and Director of the Budget) the authority to establish the reimbursement rate to be charged for the treatment of patients in State institutions. There is no showing that the present rate was improperly established or that this patient is paying in excess of these charges. While it must be recognized that the determination of this agency as any other, is not beyond appropriate judicial review, absent some showing as would present an issue that the reimbursement rate established was arbitrary, unreasonable or beyond appropriate authority, the court is without the power to disturb the Commissioner’s determination. The court does not find any statutory or judicial basis, nor has the petitioner offered any authority for overturning the established reimbursement rate to preserve a patient’s assets. Such a finding would serve to fictionally establish this patient as a public charge to the increased burden of the agency supporting the institution of confinement. Accordingly, the application to rescind the charges of the Department of Mental Hygiene is denied. Equally, .the court finds without merit the claim that the Department of Mental Hygiene is bound by the level of support set in the judgment of annulment. Such construction would pre-empt the authority conferred by the Legislature to annually review and establish the rate of reimbursement. Bather, the judgment itself as well as statute (Domestic Belations Law, § 141, subd. 1) contemplates the modification of the provision made for support upon the showing of a change of circumstances. WLile upon the proof submitted there is no question of the increased needs of this patient, her former husband, who is a party to these proceedings, has claimed his financial inability to make further support payments. The matter of modification of the afore-mentioned judgment should properly be heard at Special Term, Part V, and this court will, by the order to be entered *750 herein, refer this alternative application to the appropriate part of the court.
Relative to the further application for counsel fees, the application is granted to the limited extent that Jordan M. Iserman, counsel for the committee, is allowed the total sum of $1,000' for services rendered from the date of the appointment of this committee to present.